UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT CUNNINGHAM, ANDREW HOLZMANN, and TROY LOWN, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) No. 4:13-CV-322-JAR |
| v. | )<br>)<br>) |
| UNITED AIR LINES, INC., and AIR LINE PILOTS ASSOCIATION, | )<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Motions to Transfer Venue pursuant to 28 U.S.C. § 1404(a) filed by Defendants United Airlines, Inc., and Air Line Pilots Association. [ECF Nos. 10, 20] The parties consented to the entry of a stay in this case pending the Court's ruling on the motions to transfer. (Doc. No. 16) The motions to transfer are now fully briefed and ready for disposition. Plaintiffs seek to lift the stay. [ECF No. 25] For the following reasons, the motions to transfer venue will be granted and the motion to lift the stay will be denied as moot.

**Background**

Plaintiffs are commercial pilots employed by Defendant United Air Lines, Inc. ("United"). (Amended Class Action Complaint (AC), Doc. No. 2), ¶ 7) In 2010, United and Continental Airlines ("Continental") announced a merger, under which each became a subsidiary operating company of United Continental Holdings. Defendant Air Line Pilots Association ("ALPA") is the certified collective bargaining agent for all United pilots, including Plaintiffs.

(FAC, ¶ 9) In December 2012, United and ALPA entered into a new collective bargaining agreement governing the pay and work rules of United pilots (the "CBA"). (Id.)

In this putative class action, Plaintiffs allege that ALPA breached its duty of fair representation by agreeing to limit the longevity of the proposed pilot class members. (FAC, ¶¶ 46-48) Plaintiffs further allege that United breached the CBA when it reduced the proposed class members' longevity and colluded with ALPA when it agreed to these longevity provisions to secure ALPA's agreement to the CBA. (FAC, ¶¶ 25-26, 51) United and ALPA seek to transfer venue to the Northern District of Illinois, where United is headquartered and where Defendants conducted many of the negotiations regarding the CBA at issue.

**Legal Standard**

28 U.S.C. § 1404 governs the ability of a federal district court to transfer a case to another district. The statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In determining whether transfer is appropriate, the Court should consider "1) the convenience of the parties; 2) the convenience of non-party witnesses; 3) the availability of the judicial process to compel testimony from hostile witnesses; 4) the governing law; 5) relative ease of access to sources of proof; 6) possibility of delay and prejudice if transfer is granted; and 7) practical considerations of cost and efficiency." Continental Cas. Co. v. Olin Corp., 2010 WL 5647120, at *1 (E.D.Mo. July 30, 2010) (quoting Anheuser-Busch, Inc. v. City Merch., 176 F.Supp.2d 951, 959 (E.D. Mo. 2001)). See also, Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997) ("The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of

justice.").

**Arguments of the parties**

Defendants contend that the convenience of the parties and witnesses as well as the interests of justice would be served by this Court's transfer of this action to the Northern District of Illinois because of that district's overwhelming contacts with this case:

- Defendant United Airlines is headquartered in the Northern District of Illinois, namely, Chicago.

- The Northern District of Illinois is the district in which the Company and ALPA conducted many of their negotiations and other discussions regarding the CBA at issue in this litigation.

- All Company records regarding negotiations that led to the CBA are maintained in the Northern District of Illinois.

- Nearly all potentially relevant Company witnesses reside and/or work in the Northern District of Illinois.

- None of the potentially relevant witnesses who participated in negotiations regarding pilot longevity reside or work in the Eastern District of Missouri.

- Chicago, Illinois, where the Northern District of Illinois sits, is one of United Airlines' largest hub cities, and is easily accessible for witnesses around the country.

- No named Plaintiff resides in the Eastern District of Missouri.

- The only named Plaintiff who resides in either forum resides in the Northern District of Illinois.

(Doc. No. 11, pp. 2-3)

In support of their motion, Defendants offer the declarations of Jackson Martin,

managing director of Pilot Contract Administration with Flight Operations at United (Doc. No. 12) and John Schleder, Labor Counsel to the United Air Lines Master Executive Council of ALPA (Doc. No. 22-1). In addition, Defendants submit an Order from the Southern District of California in *Duffer, et al., v. United Continental Holdings, Inc., et al.*, No. 3:13-cv-318-GPC-WVG (May 16, 2013), granting a motion to transfer venue filed by United Continental Holdings, United Airlines and Continental Airlines from the Southern District of California to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) on similar grounds. (Doc. No. 24-1) In *Duffer*, the Court found that many of the witnesses whose testimony would be relevant to the case were located in the Northern District of Illinois, as was much of the documentary evidence. The Court also found the Northern District of Illinois had a stronger interest in trying the case locally since the Airline Defendants were headquartered there. Further, none of the actions giving rise to the plaintiffs' claims occurred in the Southern District of California.

Plaintiffs oppose transfer, arguing their choice of venue is entitled to considerable deference, considering that at least six members of the proposed class live in the Eastern District of Missouri and that counsel for the named Plaintiffs and the class resides in St. Louis. (Doc. No. 21, pp. 3-4, 6) Plaintiffs take the position that litigation in the Northern District of Illinois will not be significantly more convenient for the parties. Plaintiffs are "scattered" throughout the country, ALPA is headquartered in Washington, D.C., and Continental in Houston, Texas. (Doc. No. 21, p. 5) Negotiations concerning the CBA took place in numerous locations other than the Northern District of Illinois, including Denver, Boston, San Diego, New York City, Phoenix, and Washington, and there is no indication that all or most of Defendants' key witnesses are in the Chicago area. (Id.) Because "St. Louis is less than an hour in-flight from Chicago," Plaintiffs contend that "Chicago is at least as inconvenient as St. Louis for everyone except United and its

employees." (Id.) Plaintiffs minimize the costs and inconvenience of travel here given Defendants' involvement in the airline industry, and note that issues concerning access to records and other documents are not significant given the increased use of email and scanned documents. (Id., p. 6) (citing Wright and Miller, 15 Fed.Prac. & Proc. Juris. 3853 (3d ed.)). Finally, Plaintiffs argue that United's presence in the Northern District of Illinois is so overwhelming that a transfer to that forum would render a fair trial impossible. (Id., pp. 7-8)

In reply, Defendants argue first that Plaintiffs' choice of forum is not entitled to deference in a purported nationwide class action, citing Griggs v. Credit Solutions of Am., Inc., 2010 WL 2653474, at *3 (E.D. Mo. June 29, 2010) (deference typically afforded plaintiffs in forum selection reduced where plaintiffs are from multiple states); Silverberg v. H&R Block, Inc., 2006 WL 1314005, at *2 n.6 (E.D. Mo. May 12, 2006); Deutsch v. Purdue Pharma Co., 2004 WL 1179337, at *2 n.6 (E.D. Mo. May 27, 2004). (Doc. No. 23, pp. 2-3) Defendants further argue that aside from the residence of six of the hundreds of putative class members, Plaintiffs have not identified a "meaningful connection" between their suit and this District. See Abbott v. Schneider Nat'l Carriers, Inc., 2008 WL 4279590, at *3 (E.D. Mo. Sept. 12, 2008) ("A plaintiff's choice of forum is accorded less weight where the operative events giving rise to the lawsuit took place in another forum . . . , where it is not the plaintiff's residence, and the defendant has had little contact with the chosen forum."). (Doc. No. 23, pp. 3-4) Lastly, "[t]he convenience of the plaintiff's counsel is not entitled to any weight in the analysis." Silverberg, 2006 WL 1314005, at *2 (quoting Biometics, LLC v. New Womyn, Inc., 112 F.Supp.2d 869, 876 (E.D.Mo.2000). (Id., p. 4)

With respect to the convenience of the forum, Defendants state that one of the three named Plaintiffs admittedly lives in Chicago, and approximately 45 of the putative class

members have residences within the Northern District of Illinois. (Supplemental Declaration of Jackson Martin ("Supp. Martin Decl."), Doc. No. 23-1, ¶ 6) Chicago is a United pilot base and hub city through which many pilots often fly. Defendants state that ALPA conducts its business with United and its pilots from offices in the Northern District of Illinois. It conducts no such business from its offices in the Eastern District of Missouri. Additionally, Continental is no longer headquartered in Houston. Now, the merged United Airlines is headquartered in Chicago, maintains all relevant records in Chicago, and administers pilot longevity calculations and seniority benefits in Chicago. (Doc. No. 23, pp. 5-6)

While Plaintiffs minimize the cost and inconvenience of travel because United is an airline, Defendants maintain its witnesses will still suffer the "personal costs" associated with witness travel, while United will incur expenses for meals, lodging, and losses in productivity, citing In re Apple, Inc., 602 F.3d 909, 912 (8th Cir. 2010) and EEOC v. United Airlines, Inc., 2009 WL 7323651, at *3 (N.D. Cal. Dec. 3, 2009) ("[E]very seat taken [on an aircraft] by a witness is one that cannot be sold to a customer."). (Id., p. 6)  On the other hand, the ease with which witnesses can arrive in Chicago, particularly United employees, supports the comparative convenience of the Northern District of Illinois for witnesses. Muller v. Gateway Bldg. Sys., Inc., 2010 WL 1740707, at *1 (D.S.D. Apr. 29, 2010). Defendants state that "[v]irtually all Company personnel who participated in negotiations leading to the [CBA], including the longevity provisions in the UPA, reside and/or work in the Northern District of Illinois" (Declaration of Jackson Martin, Doc. No. 12, ¶ 7), and none reside in this District. ("Supp. Martin Decl.", ¶ 5) See also, Declaration of John Schleder ("Schleder Decl."), Doc. No. 22-1, ¶ 4.

Defendants observe that courts in this District have granted motions to transfer to the Northern District of Illinois despite the relatively short distance between the two forums. See, e.g., Continental Research Corp. v. Drummond American Corp., 2007 WL 4287873 (E.D. Mo. Dec. 6, 2007) (transfer granted where only one of the five plaintiffs was located in Missouri, the actions giving rise to the suit did not take place in Missouri, and plaintiffs could not identify any non-party Missouri witnesses). (Doc. No. 23, p. 6)

Finally, with regard to Plaintiffs' allegations of pro-United prejudice in the Northern District of Illinois, Defendants reply that it is only in "rare and special circumstances" established by "clear and convincing evidence," that "a factor of . . .'prejudice' might be relevant in deciding the propriety of transfer," citing In re Horseshoe Entm't., 337 F.3d 429, 434 (5th Cir. 2003). (Id., p. 9) The fact that the party requesting transfer is well-established in the requested forum does not satisfy this burden, particularly given the size of available jury pools and the presumed effectiveness of voir dire. See Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango, 464 F.Supp.2d 1095, 1099 (D. Colo. 2006). (Id., pp. 9-10) Defendants also note that federal courts prefer to resolve disputes between large community employers and parties that work and reside in that community in that forum. (Id.) (citing Coleman v. Buchheit, Inc., 2004 WL 609369 at *4 (N.D. Ill. Mar. 22, 2004)).

**Discussion**

Because Plaintiffs do not dispute that this case might have been brought in the Northern District of Illinois, the Court will evaluate the relevant transfer factors. In this evaluation, the interests-of-justice factor is weighed "very heavily." Dube v. Wyeth, LLC, 2013 WL 1163498, at *2 (E.D. Mo. Mar. 20, 2013) (citing Moretti v. Wyeth, 2008 WL 732497, at *1 (D. Minn. Mar. 17, 2008)). Although a presumption in favor of plaintiff's forum choice usually exists, the

plaintiff's choice is afforded significantly less deference when the plaintiff does not reside, and the underlying events did not occur, in the chosen forum. Id. Here, none of the named Plaintiffs reside in this District, and only six members of a proposed class of 437 are believed to live in this District. Neither Defendant is a Missouri corporation, or has its principal place of business in Missouri. Although both United and ALPA conduct some business in this District, they have offices in the Northern District of Illinois from which they conduct business related to Plaintiffs' claims. Neither side has identified any potentially relevant witnesses residing in Missouri. None of the relevant events giving rise to this action took place in Missouri, with some of the discussion and negotiations regarding the CBA occurring in Chicago. In sum, Plaintiffs have not alleged or shown any connection to Missouri other than their choice to file here and their retention of local counsel. Because no relevant connection exists between Missouri and Plaintiffs, Defendants' potential witnesses, or the dispute, Plaintiffs' choice of forum is entitled to minimal weight. Moreover, a plaintiff's choice of forum is accorded less deference in the context of a class action suit. Silverberg, 2006 WL 1314005, at *2 n.6 (citing Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947) (where there are hundreds of potential plaintiffs, claim of any one plaintiff that home forum is appropriate is "considerably weakened").

With respect to the convenience of the parties and witnesses, Plaintiffs state there is no real indication that the Northern District of Illinois will be significantly more convenient for anyone other than United itself. (Doc. No. 21, p. 5) However, section 1404(a) provides for "transfer to a more convenient forum, not a forum likely to prove equally convenient or inconvenient [.]" Dube, 2013 WL 1163498, at *3 (quoting Moretti, 2008 WL 732497 at *1). As noted above, neither party has identified a witness who is a resident of Missouri. Defendants argue that records availability, and conduct location, favors transfer. Although this factor does

weigh in favor of transfer, technological advances have significantly reduced the weight afforded this factor in the balance of convenience analysis. In sum, these two factors, convenience of the parties, and convenience of the witnesses, also weigh in favor of transfer.

**Conclusion**

For the foregoing reasons, Defendants' motions to transfer venue will be granted. Plaintiffs' motion to lift stay will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant United Airlines, Inc.'s Motion to Transfer Venue [10] and Motion of Defendant Air Line Pilots Association to Transfer Venue [20] are **GRANTED**. The Clerk of Court is directed to transfer this case to the Northern District of Illinois.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Lift Stay [25] is **DENIED** as moot.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this _1_ day of August, 2013.